# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FELIX D. GUZMAN-RIVADENEIRA,**

    Petitioner,

    -vs-                                     Case No. 15-C-295

**DAVID G. BETH,**[1]
**Kenosha County Sheriff,**

    Respondent.

## DECISION AND ORDER

The pro se Petitioner, Felix D. Guzman-Rivadeneira ("Guzman"), is currently being detained by Respondent David Beth ("Beth"), at the Kenosha County Detention Center pursuant to a final order of removal for deportation to Ecuador,[2] and has filed a petition for relief under 28 U.S.C. § 2241. (ECF No. 1). Guzman cites *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001) and asserts that he should be released because he has been in custody since April 9, 2014,

---

[1] In lieu of United States Attorney General Eric Holder, who Guzman named as Respondent, the Court has substituted Beth who is the proper respondent because he has day-to-day control over Guzman. *See Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 672-73 (7th Cir. 2003.) Holder is dismissed from this action

[2] Guzman filed a petition for review of the removal order on December 18, 2014, which is awaiting briefing. *See Guzman-Rivadeneira v. Holder,* USCA No. 14-3734 (7th Cir.) If a removal order is judicially reviewed *and* the court orders a stay of the removal of the alien, the removal period does not begin to run until the "date of the court's final order." *See* 8 U.S.C. § 1231(a)(1)(B)(ii). As of April 2, 2015, the court of appeals' docket for Guzman's judicial review action does not indicate that the removal order has been stayed.

and the order of removal became final on June 26, 2014.[3] (Pet. ¶ 11.) If Guzman's allegations are true, his removal detention period is three months longer than the presumptive 6-month period. *See id.* ("[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Guzman alleges that although he has cooperated fully with the United States Immigration and Customs Enforcement ("ICE"), it has been unable to remove him to Ecuador or any other country and that there is good reason to believe that his removal will not be secured in the foreseeable future. He also alleges that he has exhausted his administrative remedies. *See Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004) (requiring that a § 2241 applicant exhaust administrative remedies.) Guzman maintains that his continued custody violates 8 U.S.C. § 1231(a)(6)[4] as interpreted by *Zadvydas*.

---

[3] Guzman also states that this action arises under the United States Constitution, Immigration and Naturalization Act ("INA") as amended by the Illegal Immigration Reform and Responsibility Acts of 1996 ("IIRIRA"), 8 U.S.C. § 1101 *et seq.*, Administrative Procedure Act, 5 U.S.C. § 705 *et seq.*, and that Court may grant relief under § 2241, the APA, and the All Writs Act, 28 U.S.C. § 1651. (Pet. ¶¶ 2-3.)

[4] Section 1231(a)(6) states:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227 (a)(1)(C), 1227 (a)(2), or 1227 (a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released,

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[5] provides that the Court is to make a preliminary review and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Guzman is in custody pursuant to the detention he now challenges, and raises arguable constitutional claims. At this stage of the proceedings, the Court cannot conclude that the writ sought by Guzman should not issue or that the application is plainly without merit. Accordingly, the Court will require Beth to file an answer showing cause why the application should not be granted.

Guzman also seeks appointment of counsel and has provided financial information demonstrating that he unable to retain counsel. The Court will address whether to appoint counsel after the answer has been filed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Beth is **SUBSTITUTED** as a Respondent in this action;

---

shall be subject to the terms of supervision in paragraph (3).

[5] No rules have been promulgated specifically for § 2241 applications. Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts states that the district court may apply any or all of the § 2254 rules to a habeas corpus petition not specifically covered by those rules. Civil Local Rule 9(a)(2) (E.D. Wis.) also states that the Court may apply any of the Rules Governing Section 2254 Cases in the United States District Courts to an application for release from custody pursuant to 28 U.S.C. § 2241.

Holder is **DISMISSED** from this action;

On or before May 4, 2015, Beth **MUST FILE AN ANSWER** showing cause, if any, why this writ should not issue with respect to Guzman's petition for a writ of habeas corpus. The answer should contain the information required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts;

The Clerk of Court is **DIRECTED TO SERVE** the petition and a copy of this Order upon Beth; and

Pursuant to Fed. R. Civ. P. 4(i), the Clerk of Court is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District; and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., the United States Immigration and Customs Enforcement, and the United States Department of Homeland Security.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2015.

**BY THE COURT:**

_Rudolph T. Randa_
**HON. RUDOLPH T. RANDA
U.S. District Judge**