# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FELIX D. GUZMAN-RIVADENEIRA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 4540 |
| | ) | |
| v. | ) | Judge Jorge Alonso |
| | ) | |
| BILL PRIM, Sheriff of McHenry County, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, who is in custody in McHenry County awaiting removal to Ecuador, has filed a petition for a writ of habeas corpus. For the reasons set forth below, the Court denies the petition.

## Background

In July 1995, petitioner, a citizen of Ecuador, was admitted to the United States as a lawful permanent resident. (*See* Gov't's Mem. Law Opp'n Pet. Writ Habeas Corpus, Ex. A, *In re Felix D. Guzman Rivadeneira*, A044 666 731 at 2 (BIA Nov. 21, 2014).) In 2014, the Department of Homeland Security ("DHS") discovered that, in 1993, petitioner had been convicted of the felony of possessing counterfeit prescription blanks under California law, a conviction he did not disclose on his 1995 visa application. (*Id.*) DHS also discovered that in 2012, petitioner had been convicted of the misdemeanor of obtaining a controlled substance by fraud, in violation of California law. (*Id.*)

On March 27, 2014, DHS served petitioner with a notice to appear charging that these convictions rendered him inadmissible. (*Id.*); *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I) (alien inadmissible if he has been convicted of a crime of moral turpitude), (a)(6)(C)(i) (alien inadmissible if he commits

fraud or willfully misrepresents a material fact to procure a visa or admission to the United States), (a)(7)(A)(i) (alien inadmissible if he does not possess a valid visa). Petitioner, "through counsel admitted all the allegations and conceded that he is inadmissible on all charged grounds." (*See* Gov't's Mem. Law Opp'n Pet. Writ Habeas Corpus, Ex. A, *In re Felix D. Guzman Rivadeneira*, A044 666 731 at 2 (BIA Nov. 21, 2014).) Consequently, on June 26, 2014, an immigration judge ordered that petitioner be removed to Ecuador, a decision that was affirmed by the Board of Immigration Appeals on November 21, 2014. (*See id.* at 3-4; *id.*, Ex. B, *In re Felix Guzman Rivadeneira*, A044-666-731 (Immigration Ct. June 26, 2014).)

Plaintiff alleges that he was taken into custody by United States Immigration and Customs Enforcement on April 9, 2014 and that his continued detention is unlawful. (Pet. at 1.)

## Discussion

The Attorney General has ninety days after issuance of a final removal order to remove an alien from the United States, and during that period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(1)(A), (a)(2). After that period, the Attorney General may continue to detain the alien or release him under supervision. 8 U.S.C. § 1231(6). The Supreme Court has said, however, that § 1231 does not permit the government to detain an alien indefinitely after the removal period has expired. Rather, "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," presumptively six months. *Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001). Moreover, "once removal is no longer reasonably foreseeable," the detention must end. *Id.* at 699. If, at the end of the six-month period, "the alien provides good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

The six-month mark of petitioner's custody was May 21, 2015. He does not, however, offer any evidence that suggests "there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Id.* Moreover, the government attests that it has not executed the removal order solely because petitioner's petition for review is pending with the Seventh Circuit and, once that petition is adjudicated, "obtaining a travel document [for him] to Ecuador is highly likely in the foreseeable future." (*See* Gov't's Mem. Law Opp'n Pet. Writ Habeas Corpus, Ex. E, Rangel Decl. ¶¶ 8-10.) In short, because petitioner has been detained just over six months, he has not shown that there is no significant likelihood that he will be removed in the reasonably foreseeable future, and the government has presented evidence that suggests his removal is likely, there is no basis for granting the petition for a writ of habeas corpus.

## Conclusion

For the reasons set forth above, the Court denies petitioner's petition for a writ of habeas corpus. All pending motions are moot. This case is terminated.

**SO ORDERED.**                          **ENTERED: June 3, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**